353 So.2d 235 (1977)
STATE of Louisiana
v.
James THOMASON.
No. 59934.
Supreme Court of Louisiana.
December 19, 1977.
*237 Paul H. Kidd, Monroe, George M. Strickler, Jr., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Johnny C. Parkerson, Dist. Atty., Brian E. Crawford, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
James E. Thomason, a former employee of the Monroe City School Board, was indicted by the grand jury for theft of 113 tires valued at $1,113 from the school board in violation of La.R.S. 14:67. After trial by jury, defendant was found guilty of attempted theft of property valued at $1,113 and was sentenced to serve six months in the parish prison. Execution of sentence was suspended, and defendant was placed on eighteen months supervised probation. On appeal, defendant relies on six assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to recuse the district attorney. The basis for his contention is that the district attorney is the statutory counsel for the school board,[2] victim of the offense, and his office had given legal advice to the board relative to defendant's continued employment.
At the hearing on the motion to recuse, there was testimony by Mr. Johnny C. Parkerson, district attorney and statutory counsel to the school board, Mr. James Norris, assistant district attorney assigned as legal advisor to the board, and Mr. Sidney A. Seegers, superintendent of the school system. Their testimony was generally to the effect that Mr. Seegers had consulted Mr. Norris concerning the school board's duty to provide a hearing for defendant who had been suspended from his employment without pay. Mr. Norris testified that his advice in reference to this matter was in no way related to the criminal prosecution with which he was not familiar. Mr. Parkerson testified that his office was contacted by the school board relative to defendant's offer of restitution. He stated *238 that his advice to the board in this connection was in his capacity as the district attorney in the prosecution of the case and not as legal advisor to the board. He added that his office is often contacted by victims of crimes concerning the advisability of accepting restitution. Mr. Parkerson testified that he had no personal interest in the case which conflicted with the fair and impartial administration of justice.
La.Code Crim.P. art. 680 provides in pertinent part:
A district attorney shall be recused when he:
(1) Has a personal interest in the cause which is in conflict with fair and impartial administration of justice; . . . .
In the instant case, the record of the recusal hearing does not indicate that the district attorney had any personal interest in the cause. The mere fact that the district attorney is the statutory counsel for the school board and was consulted relative to some minor matters concerning defendant's continued employment but not related to the criminal prosecution does not constitute a personal interest in the cause which is in conflict with the fair and impartial administration of justice. Hence, the trial judge did not err in denying defendant's motion to recuse the district attorney.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in denying his motion to suppress two inculpatory statements made by him. He argues that the second statement was not freely and voluntarily made as it was the product of a promise not to use the first statement.
At the suppression hearing, Charles Dortch and Brian Boney, investigators for the district attorney's office, testified that they spoke with defendant on October 14, 1976 at the school board office. They stated that defendant was given his Miranda rights and signed a waiver of rights form before the first statement was taped. Mr. Dortch testified that defendant indicated that he understood his rights. Both investigators testified that the statement was freely and voluntarily given. They further testified that, pursuant to additional information obtained after the first statement was made, they spoke with defendant again on October 15 at his residence. Both investigators testified that defendant was again advised of his Miranda rights and signed a waiver of rights form before making the second statement. They further stated that defendant was not coerced to make the statement. Mr. Dortch admitted that he told defendant at the time of the taking of the second statement something to the effect that if he gave correct information in the second statement the first statement would not be used. He explained that he meant that the second statement would be the true account of what happened. He denied promising defendant that the first statement would not be used against him in a court of law. Defendant testified that Dortch told him that the first statement would not be used if he made a second statement. However, when asked why he made the second statement, defendant stated that he made it because the first one was not entirely truthful. Defendant did not indicate that he had been induced to make the second statement by a promise that the first one would not be used. Defendant further testified that the investigators had treated him nicely, had not exerted any pressure on him to give either statement, and had fully advised him of his rights.
Before an inculpatory statement can be introduced in evidence, the state has the burden of affirmatively proving that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements, or promises. La.R.S. 15:451; La.Code Crim.P. art. 703(C). It must also be established that an accused who makes an inculpatory statement during custodial interrogation was first advised of his Miranda rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). A confession need not be the spontaneous act of the accused and may be *239 obtained by means of questions and answers. La.R.S. 14:453; State v. Lewis, 353 So.2d 703 (La.1977); State v. Fowlkes, 352 So.2d 208 (La.1977); State v. Hutto, 349 So.2d 318 (La.1977); State v. Adams, 347 So.2d 195 (La.1977); State v. Ross, 343 So.2d 722 (La.1977); State v. Cotton, 341 So.2d 355 (La.1976). The admissibility of an inculpatory statement is in the first instance a question for the trial judge. His conclusions on the credibility and weight of the testimony relating to the voluntariness of the inculpatory statement will not be overturned unless they are not supported by the evidence. State v. Lewis, supra; State v. Fowlkes, supra; State v. Hutto, supra; State v. Adams, supra; State v. Ross, supra; State v. Demourelle, 332 So.2d 752 (La.1976); State v. Sims, 310 So.2d 587 (La. 1975).
In the instant case, the record reflects and defendant admits that he was advised of his Miranda rights prior to making each statement. Defendant himself testified that he was not mistreated in any manner nor pressured into giving the statements. His testimony does not indicate that he was induced to make the second statement by a promise that the first one would not be used, and Mr. Dortch denied promising defendant that the first statement would not be used in a court of law. In any event, at trial defendant stated that he had no objection to the introduction in evidence of the second statement.
After reviewing the record, we are convinced, as was the trial judge, that the state satisfied its burden of affirmatively proving that both statements were freely and voluntarily made after defendant had been fully advised of his Miranda rights. Accordingly, the trial judge did not err in denying defendant's motion to suppress both statements.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge erred in allowing the introduction in evidence of the first inculpatory statement. He argues that the state failed to give defendant prior written notice of its intent to introduce the statement in evidence. Defendant also contends that the trial judge erred in advising the state of the proper foundation for introduction of the statement.
Prior to trial, defendant moved to suppress all inculpatory statements. At the suppression hearing, evidence was introduced relative to the free and voluntary nature of both statements. The trial judge denied the motion to suppress as to "both statements." Thereafter, the state requested that the trial judge review the first statement in order to delete irrelevant portions before its submission to the jury.
La.Code Crim.P. art. 768 provides:
If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
The underlying purpose of article 768 is to avoid surprise and allow adequate time for the preparation of defense. The article is statutory law. However, when it is not followed to the letter, as has happened in this case, this court will examine the entire record and determine whether defendant was prejudiced by the non-compliance and whether he suffered a substantial violation of his statutory rights. La. Code Crim.P. art. 921; State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970).
In the instant case, the record of the suppression hearing clearly indicates that the state made known to defendant its intent to introduce the first statement in evidence. Moreover, although the pertinent portion of the record was not designated for appeal, the trial judge's per curiam to Assignment of Error No. 3 states that defendant admitted having actual knowledge of the state's intent to introduce the first statement in evidence but chose to view that possibility as "a bluff." The per curiam further states that defendant agreed that a two hour and fifteen minute recess *240 would be adequate time to prepare his defense to the first statement; the court granted such a recess. We do not find under the circumstances here presented that defendant was surprised or prejudiced by the state's failure to give formal written notice of its intent to introduce the first statement in evidence. Defendant had actual knowledge of the state's intent to do so. Accordingly, the failure to give defendant written notice does not constitute reversible error. La.Code Crim.P. art. 921; State v. Lacoste, supra.
Defendant's contention that the trial judge erred in advising the state of the proper foundation for introduction in evidence of this statement is equally without merit.
The statement was originally taped and later transcribed; the tape was erased. During trial, the state offered the testimony of Mr. Dortch, the investigator who taped defendant's statement, to establish the accuracy of the transcribed account. Defendant objected. Outside the presence of the jury, defendant suggested: "It may be that the secretary [who transcribed the statement] needs to be called." The jury was returned to the courtroom and the examination of Dortch continued. At the conclusion of his testimony, the jury was again excused. At this time, the trial judge suggested that the state call as a witness the secretary who made the transcription. Defendant objected to the court giving advice to the state. He argues that such action was improper.
First, even assuming arguendo that the suggestion constituted a prohibited comment on the evidence (La.Code Crim.P. art. 772), it was made outside the presence of the jury. State v. McGuffey, 301 So.2d 582 (La.1974). Secondly, it was only a repetition of defendant's own suggestion that the secretary be called upon to testify. Finally, the mere suggestion by the judge to the state of the proper foundation for introduction in evidence, made outside the presence of the jury, did not constitute such participation by him in the trial as to deprive defendant of a fair trial. See, State v. Layssard, 310 So.2d 107 (La. 1975). Accordingly, we do not find that the trial judge's suggestion was improper under the circumstances.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in denying his motion for a mistrial. He argues that the state in rebuttal argument made remarks which were prejudicial to defendant.
During closing argument, Mr. Charles Jones, a black assistant district attorney, sat at counsel table. In rebuttal, Mr. Brian E. Crawford, assistant district attorney, referred to Mr. Jones' definition of theft. Mr. Crawford made no reference to Mr. Jones' race. Defendant moved for a mistrial at the end of argument on the ground that the reference to Mr. Jones' definition constituted an appeal to the racial prejudice of three black jurors.
We do not find that this innocuous reference to a suggested argument of an assistant district attorney, rightfully present at counsel table, constituted an appeal to racial prejudice simply because he happened to be black. Hence, the trial judge did not err in denying defendant's motion for a mistrial.
Assignment of Error No. 6 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., concurs.
NOTES
[1] Defendant has neither briefed nor argued Assignments of Error Nos. 4 and 5. Therefore, we consider these assignments of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La.1976); State v. Carlisle, 315 So.2d 675 (La. 1975).
[2] La.R.S. 16:2.