357 So.2d 1125 (1978)
STATE of Louisiana
v.
Herman DAVIS.
No. 61033.
Supreme Court of Louisiana.
April 10, 1978.
Clyde D. Merritt, Archie B. Creech, Orleans Indigent Defender Program, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
*1126 SUMMERS, Justice.
A true bill was returned by the Grand Jury of Orleans Parish on December 19, 1974 charging Herman Davis with the second degree murder of Earl Harris on December 12, 1974. La.Rev.Stat. 14:30.1. After trial by jury on March 5, 1975 Davis was found guilty as charged and sentenced to life imprisonment without probation, parole or suspension of sentence for a period of twenty years.
Two contentions are made on this appeal:
1) The trial court erred in denying the defendant's motion for a mistrial when the State introduced inculpatory statements in evidence after it had informed defendant in answer to a request for bill of particulars that no such statements existed.
2) The trial court erred in overruling the defendant's objection to the introduction of certain photographs.
The first contention is based upon a motion for bill of particulars in which the defendant asked if the State intended to introduce "any oral statements alleged to have been made by the defendant." To this query the State replied, "The defense is not entitled to this information." At the hearing held on the motion for particulars on February 19, 1975 defense counsel objected to the response, and the trial judge ruled that the defense was entitled to the information and ordered the State to respond. In addition, the trial judge ordered the State to disclose defendant's "rap sheet" if there was one. In complying, the State amended its response by adding, "State has no oral or written statements." This response was then ruled to be good and sufficient in law. However, on March 5, 1975 the State, pursuant to Article 768 of the Code of Criminal Procedure, prior to the opening statement, filed a written notice that it had in its possession and intended to offer in evidence, confessions and/or inculpatory statements made by defendant.
In the trial which followed that day the State's attorney, outside the presence of the jury, announced that the State intended to lay a predicate for the voluntariness of any oral statement the defendant might have made while he was in custody. Defense counsel objected to any such proceeding on the ground that introduction of defendant's statement was inconsistent with the answer to the bill of particulars and the prayer for oyer, stating that the defense was not prepared for such a development.
"What relief do you seek?", the trial judge asked, acknowledging that the response to the bill of particulars was inconsistent with the State's position at trial and that defense counsel might be unprepared. "If I can accommodate you by any type of recess at this time . . . I will do my best . . ." the trial judge offered. He then stated for the record that after the jury was selected the State notified the defendant of its intention to use an inculpatory statement. When defense counsel made no response to the judge's offer, the defense objection was overruled and the ruling was assigned as error.
Outside the presence of the jury the State then established the predicate for defendant's statement, which was "blurted out" while defendant was being interrogated in the detective bureau: "All right; I killed him because he stole my gun." The trial judge ruled that the statement was free and voluntary, and the jury was recalled. After again laying the predicate before the jury the detectives testified that defendant said, "I killed him because he stole my gun." Other detectives present at the time testified to the same effect. It should be noted parenthetically that similar statements by the defendant at the scene of the killing were received in evidence as part of the res gestae later during the trial.
Argument by the defense on this contention centers upon the State's change from its answer to the motion for particulars on February 19, 1975 that it had no statements to the March 5, 1975 notice advising that it had confessions and/or inculpatory statements made by defendant which it would offer in evidence. Such a change is said to be prejudicial to the defense. Prejudice is claimed to have resulted because the defense was not prepared and because the *1127 Article 768 notice came after selection of the jury. Defense counsel argued that he accepted a juror he would not have accepted had he known the State would use the confession.
We are not referred to any testimony in explanation of the State's change from a response that it had no statements to a notice that it would use defendant's confession. Nor does the record support the defense contention that the juror it claims it would not have selected was in fact a security guard who would not look with favor upon a defense attempt to impugn the credibility of the police witnesses who heard defendant's confession. Only argument in brief is presented for our consideration of this defense position. At best the argument is speculative and conjectural. Such is the case with the claim that defendant's case was based on self-defense until the notice was received that the State would use defendant's confession.
Insofar as the defense claim of lack of preparation is concerned, it should be recalled that the trial judge offered to accommodate defense counsel in any manner in order that he could have time to prepare to meet the State's evidence of defendant's confession. By his noncommittal attitude defense counsel rejected this offer. Furthermore, except to say that he objected because he was not prepared, defense counsel did not respond to the judge's query, "What relief do you seek?" Later at the trial, one of the detectives who heard the defendant confess testified that he was able to recall the exact words of the confession because the investigator's report gave the exact words. It would appear that this information may have been available to the defense under the judge's order.
Under these circumstances the defense did not fully satisfy the requirements of Article 841 on this issue.[1] At this time the qualifications of the alleged objectionable juror could have been subjected to further voir dire and the basis for the defense complaint could have been cured. But this was not then sufficiently brought to the attention of the trial judge. In fairness to the trial judge he should have been given this opportunity to correct any claimed prejudice to the accused, for he too was genuinely concerned that the accused should have a fair trial, as the conduct of this trial will attest. A new ground for objection cannot be presented for the first time on appeal. State v. Holstead, 354 So.2d 493 (La.1977); State v. Marks, 337 So.2d 1177 (La.1976).
Moreover, in strict compliance with Article 768 of the Code of Criminal Procedure, the State did file notice of its intention to introduce defendant's confession within the time limit the Article prescribes. From a strictly legal point of view, this notice exculpated any error previously made by the State.
Other factors bear against the defense contention. If a mistrial had been granted no change in the trial on the merits would have resulted, for only selection of the jury had occurred when the Article 768 notice was filed before the opening statement. At this time selection of a new jury would have been the only consequence. Thus, in the absence of a showing of bad faith on the part of the State, and without a showing of prejudice to the defendant, the irregularity complained of does not warrant reversal of this conviction. Nor is it shown that Davis' confession was crucial to the State's case or that it was other than cumulative evidence of his guilt. Testimony of a number of the State's witnesses put Davis at the scene of the killing with a knife, bending over and slashing the figure of his victim and declaring immediately *1128 thereafter that he hoped the victim would die.
An examination of this record convincingly demonstrates that the error complained of has not resulted in a miscarriage of justice, nor is it prejudicial to the substantial rights of the accused. Furthermore no substantial violation of a constitutional or statutory right is involved. La. Code Crim.Pro. art. 921; State v. Sharp, 338 So.2d 654 (La.1976).
The second contention relates to the introduction in evidence of three photographs. The first was a black and white photograph of the victim at the scene of the crime. The other two were color photographs of the victim at the morgue. The black and white photograph portrays the bloodied victim lying on the sidewalk at the scene of the crime. The color photographs reveal the upper torso and entire upper portion, respectively, of the nude body. The photographs are relevant and have probative value relative to identity of the victim; they corroborate the testimony of witnesses that the wounds inflicted were capable of inducing death and illustrate the manner in which death occurred. They were not unduly gruesome.
A defense argument is made that these photographs were merely cumulative and had no additional probative value. It is asserted also that one photograph at the scene and one at the morgue would suffice and the use of more than one was, by reason of the repetition, necessarily prejudicial. The argument is not tenable. Confronted with the heavy burden of establishing defendant's guilt beyond a reasonable doubt it was incumbent upon the State to introduce these relevant photographs despite their somewhat gruesome aspect. State v. Cooper, 334 So.2d 211 (La.1976); State v. Gilmore, 332 So.2d 789 (La.1976); State v. Smith, 327 So.2d 355 (La.1976); State v. Beach, 320 So.2d 142 (La.1975); State v. Curry, 292 So.2d 212 (La.1974).
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., dissents.
NOTES
[1] La.Code Crim.Pro. art. 841:

"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
"The requirement of an objection shall not apply to the court's ruling on any written motion."