BYRNES, Judge.
Defendant-appellant, Rodney Sterling, was charged by Bill of Information with two counts of simple burglary in violation of La.R.S. 14:62. After pleading not guilty the defendant was tried by a jury and found guilty on both counts. On October 22, 1981, the defendant pled guilty to a habitual offender charge and he was sentenced to twenty four years at hard labor.
ISSUES
Appellant makes two assignments of error regarding an inculpatory statement he made to the arresting officer. He contends that the trial judge erred in admitting the statement into evidence over the objections of the defense counsel because:
1.) There was not sufficient inquiry into the voluntariness of the statement and the Miranda warnings were not repeated immediately prior to the confession; and
2.) Defense counsel was not informed of the inculpatory statement during pretrial discovery.
FACTS
On September 5, 1980 at approximately 1:00 A.M. John Abbott was notified that an alarm had sounded at his office, located at 1609 Canal Street in New Orleans. When he arrived he saw the police escorting the defendant, Rodney Sterling, out of the building. Sterling was found hiding in a closet in Abbott’s office. Abbott testified at trial that the storeroom in the office was disrupted and that he had not given the defendant permission to enter the building.
There were no signs of forced entry into the building. However, upon being placed in a police car, Sterling told the arresting officer that he entered the building through an unlocked window. He then proceeded to show the officer the window’s location.
ASSIGNMENT # 1
By this assignment appellant contends that the trial court failed to properly determine whether his confession was given voluntarily. Defendant further contends that he was not advised of his Miranda rights prior to his statement to the arresting officer.
The prosecution has the burden of proving that an inculpatory statement was given freely and voluntarily. State v. Burkhalter, 428 So.2d 449 (La.1983). Irrespective of whether C.Cr.P. Art. 703(F) might have foreclosed defendant’s attack on the inculpatory statement’s admissibility, the trial judge held a hearing, out of the presence of the jury, to determine whether the defendant’s statement was freely and voluntarily made. The judge determined that the statement was admissable. This finding is amply supported by the evidence.
The State must also prove that the defendant was properly advised of his Miranda rights and that he knowingly waived his right to counsel prior to making the statement. State v. Harper, 430 So.2d 627 (La.1983)). Where a defendant is advised of his Miranda rights at the time of his arrest and subsequently makes an incul-patory statement while being booked at police headquarters the statement is admissa-ble. See State v, Mitchell, 421 So.2d 851 (La.1982).
The record establishes that immediately after arriving at the scene the police apprehended the defendant. The arresting officer read Sterling his Miranda rights and inquired if he understood. The defendant answered affirmatively and he was put in the back seat of the patrol car. The de *800 fendant then stated that he entered the building through an unlocked window and proceeded to show the officer the window’s location. He also identified a plastic bag containing a pair of black shorts belonging to him which was found at the scene.
The exact time at which the statement in question was made is not given. However, it is evident that no more than a few minutes had elapsed between the time appellant was given the Miranda warnings and the time he made the statement. Under the circumstances we find the statement was admissable and the defendant intelligently waived his Miranda rights.
It is well settled that the trial court’s determination regarding the admissibility of a confession will not be disturbed unless it is not supported by the evidence. State v. Burkhalter, supra. After careful review of the record we find that the trial court’s determination that the defendant’s statement was admissable is supported by the evidence.
ASSIGNMENT #2
By this assignment appellant contends that the trial court erred in admitting his confession into evidence because the State did not inform the defendant of its existence during pretrial discovery.
During discovery, appellant filed an Application for Bill of Particulars in which he asked if the State had any inculpatory or exculpatory statements regarding the crime. The State replied, stating only that the defendant identified some seized property which was found at the scene. The State did not mention the existence of the inculpatory statement at issue herein. However, prior to beginning their opening statement the State filed its written Notice of Intention to Use Confession in accordance with C.Cr.P. Article 768. Appellant contends that Article 768 only applies where no pretrial discovery has-been granted. We disagree.
Appellant relies on Article 768 as amended in 1982 which states:
Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state’s opening statement. If it fails to do so a confession or inculpatory statement shall not be admissable in evidence.
This version of Article 768 became effective September 10, 1982. The trial in this case took place on July 23, 1982. For the amended version of this article to apply, it would have to have been effective prior to the trial date. See State v. Burge, 362 So.2d 1371 (La.1978). Accordingly, the pre-amendment version of Article 768, which does not contain the sentence regarding pretrial discovery, should be applied herein.
The State clearly complied with the version of Article 768 which was effective at the time of trial by providing written notice of its intent to use the confession prior to its opening statement.
Absent a showing of either bad faith by the State in not informing the defense of the inculpatory statement during pretrial discovery or substantial prejudice to the defendant the ruling of the trial court, will be affirmed. See State v. Davis, 357 So.2d 1125 (La.1978). Allowing the statement into evidence, we have found nothing to support a finding of bad faith on the State’s part. Further, the record reflects that: the defendant was found hiding in Abbott’s office; he was not given permission to be there; and his clothes were found in a bag at the scene. In view of this evidence we find that the introduction of the inculpatory statement did not substantially prejudice defendant’s case.
For the foregoing reasons the conviction and sentence are affirmed.
AFFIRMED.