BARRY, Judge.
Wilbert Williams was convicted of simple burglary, La.R.S. 14:62, and sentenced as a second offender to nine years at hard labor. He assigns as error the insufficiency of evidence to convict and the trial court’s lack of jurisdiction to adjudicate him a multiple offender.
At about 4:00 a.m. on December 9, 1984 a college student/cab driver, Chukuuma Ode-lugo was parked with his headlights facing the windows of the office of Dr. Irvin Sheen, his dentist. He saw an albino black man climb out of a window of the office and followed the man. Odelugo flagged down a police car and Williams was apprehended.
The victim, Dr. Sheen, crime technician Peggy Vaughn, and Officer Alex Sutos testified the office had been ransacked, drawers pulled out of filing cabinets, and papers strewn everywhere. Ms. Vaughn found a crowbar in front of a file cabinet. Officer Sutos testified the plastic windows had been removed and a NOPSI meter (cut from wires to Dr. Sheen’s building) was found a half block away. Nothing was missing from the office.
To support a simple burglary conviction the state must prove an unauthorized entry of any dwelling or structure with the intent to commit a felony or theft therein. Since Dr. Sheen testified Williams did not have permission to enter the office and Odelugo saw him climb from a window, the unauthorized entry of a structure was clearly shown.
Williams claims the state did not prove he entered the building with the intent to commit a felony or theft therein. We disagree.
Proof of specific intent to show that a person actively desired to commit a felony or theft may be inferred from the circumstances. La.R.S. 14:10; R.S. 15:445. Where circumstantial evidence is involved, La.R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. R.S. 15:438 is merely an evidentiary guide for the jury. It does not establish a stricter standard of review than a determination whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the defendant guilty as charged under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Wright, 445 So.2d 1198 (La.1984).
Dr. Sheen’s office was ransacked and a crowbar was found in front of a filing cabinet. A NOPSI meter cut from the building’s electric wires was found a half block away. Williams was seen crawling out of a window at 4:00 a.m.
The record supports a very strong inference Williams was in the office with the intent to commit a theft. See State v. Davenport, 445 So.2d 1190 (La.1984); State v. Prosper, 455 So.2d 673 (La.App. 4th Cir.1984).
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could conclude Williams had the necessary intent and was guilty beyond a reasonable doubt of simple burglary.
Williams was sentenced on April 2, 1985 and orally moved for an appeal. On June 3, 1985 he was adjudicated a multiple offender and re-sentenced.
The written motion for appeal was filed June 7, 1985, the return date was set, and appellate counsel was appointed. The Motion and Order of Appeal is dated June 7, 1985. The Notice of Appeal states the order granting the appeal was entered on June 7, 1985 from the judgment of June 3rd and is returnable on July 8, 1985.
The trial court’s jurisdiction is divested when the order of appeal is entered. La.C.Cr.P. Art. 916. Since the order of appeal was entered after the multiple offender adjudication, the trial court had jurisdiction when it found Williams a second offender.
The conviction and sentence are affirmed.
AFFIRMED.