490 So.2d 515 (1986)
STATE of Louisiana
v.
Anthony SHELTON.
No. KA-3593.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1986.
*516 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Susan Scott Hunt, Asst. Dist. Atty., New Orleans, for appellee.
Bruce C. Ashley, II, New Orleans, for appellant.
Before KLEES, LOBRANO and WARD, JJ.
LOBRANO, Judge.
Defendant, Anthony Shelton, was charged by bill of information with the January 12, 1983 armed robbery of Melanie Maniscalco, a violation of La.R.S. 14:64.
On February 2, 1983 defendant was arraigned and pled not guilty. On May 6, 1983, defendant was found guilty as charged by a twelve member jury. On January 17, 1984, defendant pled guilty to a multiple bill and was sentenced as a second offender to serve fifty (50) years at hard labor.
FACTS:
On January 12, 1983, at approximately 7:00 p.m., Melanie Maniscalco was walking along North Rampart Street. She heard rapid footsteps behind her. She stopped, turned around and observed two men, one of whom was the defendant who was pointing a gun at her. Defendant then said, "Okay, Miss, give me everything. I've got to have it." Ms. Maniscalco asked if she could just give up her cash. They agreed. She handed over fourteen dollars consisting of one ten dollar bill and four one dollar bills. Defendant then asked if she had any jewelry. She replied "no" and showed them her hands. They then told her to turn around and not to look back. She turned and walked one block to a friend's house where she telephoned the police who arrived within minutes. Ms. Maniscalco gave a description of defendant to police.
Although she did not see the co-perpetrator's face, she was able to describe his clothing. The description of both men was broadcast over the police radio. Both men were immediately apprehended approximately three blocks away from the scene of the robbery. Ms. Maniscalco was brought to the scene of the arrest where she positively identified both men.
Defendant appeals his conviction and sentence alleging the following assignments of error:
1) The trial court erred in restricting defendant's cross-examination of the victim.
2) The trial court erred in denying a motion for mistrial based upon the introduction of a statement not revealed in pre-trial discovery.
3) The trial court erred in imposing a sentence on a multiple bill when it had no jurisdiction, and in imposing an excessive sentence.
ASSIGNMENT OF ERROR 1:
Defendant alleges the trial court erred in sustaining the State's objection to the following:

*517 "Q. Have you seen any other individuals that may fit the description of this party here ... similar?
A. No (pause). I don't think I understand what you're asking me.
Q. Have you ever seen any other ... any other individual that looks similar to Anthony Shelton?
BY THE STATE:
Objection, Your Honor.
BY THE COURT:
Objection sustained.
BY THE DEFENSE:
I have no further questions at this time."
Counsel should state the reasons for his objection to a trial court ruling to allow the trial judge the opportunity to make a proper ruling and correct any claimed prejudice to the defendant. A new ground for objection cannot be presented for the first time on appeal. It is well settled that a new basis for an objection cannot be substituted on appeal and that only the grounds made known to the trial judge at the time of his ruling may be relied on by the reviewing court. State v. West, 419 So.2d 868 (La.1982); C.Cr.P. Art. 841.
Defendant failed to timely object to the trial court's ruling and is now barred from raising this issue on appeal.
Furthermore, if there was any error in the trial court's ruling sustaining the State's objection, said error is harmless.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 2:
Defendant alleges the trial court should have granted his motion for a mistrial because of the State's failure to follow the requirements of C.Cr.P. Art. 768.[1]
Defendant asserts the State, to his prejudice, presented notice on the morning of trial of the existence of an inculpatory statement made by defendant at the time of his arrest which it intended to use at trial. Defendant argues this last minute notice misled him as to the strength of the State's case, and was therefore prejudicial to his defense.
An inculpatory statement is an out-of-court admission by the defendant of "a fact, circumstances, or involvement which tends to establish guilt or from which guilt may be inferred." State v. Quimby, 419 So.2d 951 (La.1982). Upon his arrest, defendant asked the police officers how long his sentence might be. From this statement, guilt may be inferred.
Code of Criminal Procedure Article 768 requires the State to inform the defendant of the existence of an inculpatory statement in its possession which it intends to use at trial. State v. Mitchell, 437 So.2d 264 (La.1983). The purpose of this requirement is to avoid surprise and allow adequate time for the preparation of a defense. State ex rel Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Billiot, 421 So.2d 864 (La.1982); State v. Thomason, 353 So.2d 235 (La.1977). A defendant should be given a fair opportunity to plan or present his defense in light of the damaging statement. State v. Billiot, supra.; State v. Turner, 337 So.2d 455 (La.1976). Absent a showing of either bad faith by the State in not informing the defense of the inculpatory statement during pretrial discovery or substantial prejudice to the defendant, the ruling of the trial court will be affirmed. State v. Sterling, 441 So.2d 798 (La.App. 4th Cir.1983), writ den., 444 So.2d 1210 (La.1984).[2]
We have found nothing to support a finding of bad faith on the State's part, nor any showing of prejudice to the defendant. Defendant does not suggest how his defense would have been different had he been apprised of the State's intention to *518 use the inculpatory statement. Further, the record reflects that three police officers testified as to the inculpatory statement made by defendant without objection. Thus, any objection defendant may have had was waived. State v. Quimby, supra; C.Cr.P. Art. 841.
This assignment of error is without merit.
ASSIGNMENT OF ERROR 3:
Defendant alleges his fifty (50) year sentence is excessive and the trial court was without jurisdiction to sentence him as a second offender after his appeal motion had been filed.
A review of the record shows that, although defendant orally moved for an appeal on August 25, 1983, the trial court did not grant the motion for appeal until January 17, 1985. Defendant's hearing on the multiple bill and his sentencing as a second offender occurred on January 27, 1984. Pursuant to C.Cr.P. Art. 916, the trial court's jurisdiction is divested when the order of appeal is entered. State v. Williams, 483 So.2d 1213 (La.App. 4th Cir. 1986.) Here, the order of appeal was entered almost one year after defendant was adjudicated a multiple offender. Defendant's argument is without merit.
Defendant was sentenced as a second offender to serve fifty (50) years at hard labor without benefit of parole, probation or suspension of sentence. Defendant could have received a maximum sentence of one hundred and ninety eight (198) years at hard labor without benefit of parole, probation or suspension of sentence. La. R.S. 14:64; 15:529.1.
Article I, Section 20 of the Louisiana Constitution of 1974 provides that "no law shall subject any person ... to cruel, excessive or unusual punishment." The imposition of a sentence, even though within statutory limitations, may still violate this provision and is subject to appellate review. State v. Cann, 471 So.2d 701 (La. 1985); State v. Thomas, 447 So.2d 1053 (La.1984).
A sentence is excessive and unconstitutional if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering". State v. Brogdon, ___ So.2d 616 (La.1984), cert. den., Brogdon v. Louisiana, ___ U.S. ___, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985).[3]
In sentencing a defendant, the trial court must indicate the factors it has considered in imposing the sentence. Louisiana Code of Criminal Procedure Article 894.1 sets forth the criteria to be used by the trial court in its sentencing determination.
The trial court need not articulate every factor; but it must indicate that it has considered the 894.1 guidelines, both aggravating and mitigating, in tailoring a particular sentence for a particular defendant convicted of a particular crime. State v. Guiden, 399 So.2d 194 (La.1981), cert. den., Guiden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982); State v. Franks, 373 So.2d 1307 (La.1979), affirmed in part, 391 So.2d 1133 (La.1980), cert. den.; Franks v. Louisiana, 450 U.S. 983, 101 S.Ct. 1520, 67 L.Ed.2d 818 (1981). In compliance with law, the sentencing record should reflect the trial court considered the personal history of the defendant in addition to the seriousness of the crime and the past criminal history of the defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982), affirmed on remand, 446 So.2d 1210 (La.1984); State v. Jones, 398 So.2d 1049 (La.1981); State v. Molinet, 393 So.2d 721 (La.1981).
In complying with Article 894.1, the trial judge is given great discretion in sentencing within statutory limits. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Bradley, 414 So.2d 724 (La.1982). However, the reviewing Court must determine whether the sentence imposed is too severe in light of the particular defendant and the *519 particular crime. State v. Quebedeaux, supra; State of Jones, supra.
Our Supreme Court has evaluated a number of claims of excessive sentences by defendants for convictions of armed robbery. The high court has consistently affirmed such sentences when the defendants are repeat offenders and there is an undue risk that the defendant would commit other crimes absent confinement and correctional treatment. State v. Nealy, 450 So.2d 634 (La.1984); State v. Joseph, 437 So.2d 280 (La.1983); State v. Brown, 387 So.2d 567 (La.1980). See also, State v. Mitchell, 480 So.2d 388 (La.App. 4th Cir.1985).
In the instant case, the sentencing court considered defendant's young age at the time of the offense, his prior criminal record,[4] the presentence investigative report, (which provided both mitigating and aggravating circumstances) the facts of the instant offense[5] and the fact that defendant was currently awaiting trial on another armed robbery charge.[6] Considering these factors and the short amount of time which passed between defendant's conviction of simple burglary and his perpetration of the instant offense, defendant falls within the ambit of the most egregious of offenders. Any lesser sentence would deprecate the seriousness of defendant's crime. In light of the circumstances, there is considerable risk that defendant will commit other crimes absent long term confinement and correctional treatment.
Accordingly, we hold that defendant's sentence as a multiple offender to fifty (50) years at hard labor without benefit of probation, parole or suspension of sentence is not excessive.
For the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] C.Cr.P. Art. 768 provides:

"Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession of inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence."
[2] See, also, State v. Allnet, 419 So.2d 472 (La. 1982); State v. Davis, 357 So.2d 1125 (La.1978).
[3] See, also; State v. Telsee, 425 So.2d 1251 (La. 1983); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985); State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984).
[4] Defendant was on active probation for the offense of simple burglary when he committed the instant offense.
[5] Defendant held a blue steel .357 magnum revolver on the victim.
[6] On the same day defendant was sentenced to the instant offense, he pled guilty to aggravated burglary and armed robbery in case No. 294-335 and was sentenced as a multiple offender to thirty three (33) years at hard labor to run concurrent with the sentence in the instant offense.