LOBRANO, Judge.
Defendant, Robert Harper, was charged by bill of information with possession of stolen property valued at $10,000.00, a violation of La.R.S. 14:69. On August 13, 1987 defendant was arraigned and pled not guilty. Trial was held on November 3, 1987 and defendant was found guilty as charged. On November 12, 1987 he was sentenced to five (5) years at hard labor with credit for time served. On December 8, 1987, pursuant to a multiple bill filed by the state, defendant was adjudicated a multiple offender. Defendant’s original sentence was vacated and he was sentenced to serve five (5) years at hard labor pursuant to the provision of La.R.S. 15:529.1 without good time.
FACTS:
On June 25,1987, Officer August Santos-uosso observed a 1983 white Cadillac, driven by defendant, turn onto St. Andrew Street (a one-way street) in the wrong direction. Officer Santosuosso stopped the vehicle to issue a traffic citation. As he was issuing the citation, he noticed the steering column was broken (a common method used in the theft of cars). Officer Santosuosso then ordered defendant and his passenger to get out and place their hands on the car. Officer Santosuosso then radioed for information regarding the ownership of the vehicle. When he requested a “back up”, both defendant and the passenger fled. Officer Santosuosso radioed a description of defendant and then gave chase. Defendant was finally apprehended about five blocks away.
Officer Kurt Steinkamp testified that he was on horseback patrol when he received the broadcast from Officer Santosuosso. Officer Steinkamp chased the passenger and recognized him from a previous arrest. Although Officer Steinkamp did not assist in defendant’s apprehension, he was on the scene following his arrest and testified that defendant made certain statements indicating that he was in the car but was unaware it was stolen. The check of the vehicle *1283 identification number revealed that the car had not yet been reported stolen. Officer Santosuosso later contacted Jack Warren, the registered owner of the vehicle who stated that when he returned from an out-of-town trip on June 25th, his car was missing. He later identified the car as his, stated that he did not give defendant permission to use it and that the steering column and radio were damaged when the car was returned to him.
Defendant appeals his conviction and sentence asserting that the trial court erred by denying the motion for mistrial when Officer Steinkamp testified that defendant made an inculpatory statement, notice of which was not provided in accordance with Code of Criminal Procedure Art. 768. He also complains the statement makes reference to “other crimes”.
The inculpatory statement at issue is as follows:
“By Mr. Larre:
So the only thing you know about Robert Harper is that when you showed up in the 220 Block of Clara Street Officer Santosuosso had him arrested.
No sir. I heard your subject saying he was in the car.
By Mr. Larre:
Objection.
Officer Steinkamp was responding to a question by defense counsel, not the prosecution. Defense counsel cannot now complain that the question he asked brought an unfavorable response. Furthermore, this court in State v. Shelton, 490 So.2d 515 (La.App. 4th Cir.1986) stated:
“Code of Criminal Procedure Article 768 requires the State to inform the defendant of the existence of an inculpatory statement in its possession which it intends to use at trial. State v. Mitchell, 437 So.2d 264 (La.1983). The purpose of this requirement is to avoid surprise and allow adequate time for the preparation of a defense. State ex rel Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Billiot, 421 So.2d 864 (La.1982); State v. Thomason, 353 So.2d 235 (La.1977). A defendant should be given a fair opportunity to plan or present his defense in light of the damaging statement. State v. Billiot, supra; State v. Turner, 337 So.2d 455 (La.1976). Absent a showing of either bad faith by the State in not informing the defense of the inculpatory statement during pretrial discovery or substantial prejudice to the defendant, the ruling of the trial court will be affirmed. State v. Sterling, 441 So.2d 798 (La.App. 4th Cir.1983), writ den. 444 So.2d 1210 (La.1984).” Id. at 517.
In the instant case, defendant has made no showing that the state was aware of or intended to use this statement at trial. Nor has defendant made any showing that his defense would have been different had he known that Officer Steinkamp would make such a statement.
Defendant further complains that he was prejudiced when Officer Steinkamp made reference to “other crimes” committed by defendant. A review of the record shows defendant’s appreciation of Officer Stein-kamp’s testimony to be incorrect. The testimony at issue is as follows:
EXAMINATION BY MR. PINKSTON:
“Q. When you got there, when you got to the 2200 block of Clara, who was present?
A. There was a few other policemen and an emergency unit and Officer San-tosuosso.
Q. Was the defendant Robert Harper present?
A. Yes, he was.
Q. Okay. Did you hear Robert Harper — did Robert Harper say anything to you directly?
A. Not directly, no.
Q. Were you able to — were you able to hear him say anything at all?
A. Yes, I did.
Q. Did you hear him give — were you present when his Constitutional rights were given?
A. No, sir, I wasn’t.
Q. Okay. Were you present when— how far were you from Robert Harper?
A. A matter of feet, three or four feet. Because the subject I chased, I previous *1284 ly put him in jail, and I knew him. So I went back to the scene—
BY MR. LARRE:
Objection, Your Honor. That’s not relevant to the question. It’s not responsive to the question. It’s not relevant to this case.
BY THE COURT;
The objection is overruled.
A. The subject that I chased I knew, I previously put him in jail, and I went back to the scene to help, to advise Officer Santosuosso that the subject, the second subject that got away, I had previous put in jail. And that if I looked hard enough, I could come up with his name.
It is clear that Officer Steinkamp was attempting to explain why he was at the scene when Officer Santosuosso arrested defendant. The statement was in reference to the passenger and in no way refers to “other crimes” committed by defendant and is not a basis for a mistrial.
When a prejudicial remark is made by someone other than the judge, district attorney or court official, an admonition is required if requested by either the defendant or the state only when the remark is an unambiguous reference to the defendant. C.Cr.P. Art. 771; See also, State v. Hayes, 414 So.2d 717 (La.1982); State v. Henry, 461 So.2d 484 (La.App. 3rd Cir.1984), writ den., 464 So.2d 313 (La.1985). The remark by Officer Steinkamp was in reference to someone else and, as such, was not an unambiguous reference to defendant. Thus, there was no need for an admonishment to be given the jury.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.