581 So.2d 384 (1991)
STATE of Louisiana
v.
Lester L. BELL, a/k/a Hillary Green.
No. 89-KA-1744.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
*385 Michael Clement, Student Practitioner, Calvin Johnson, Supervising Atty., New Orleans, for appellant.
Before BARRY, CIACCIO and ARMSTRONG, JJ.
ARMSTRONG, Judge.
The defendant, Lester Bell, was charged by bill of information with simple burglary, a violation of La.R.S. 14:62. Following a jury trial, the defendant was found guilty as charged. He was sentenced as a third felony offender to twenty years at hard labor with credit for time served. His sentence was later set aside and he was re-sentenced to eighteen years at hard labor with credit for time served. From this judgment, defendant appeals.

Facts
On July 30, 1988 at 2:51 a.m., Officer Athmann responded to a call that a possible burglary was in progress at a building on Bienville Street. He immediately drove to the building. The lights in the building were on. He saw someone moving around inside. As he got out of his car, the defendant exited the building. Officer Athmann ordered the defendant to stop. The defendant fled. Athmann pursued the defendant as he radioed for back-up assistance. Officer Gant responded to Athmann's call for help and located the defendant with the help of his police dog. Athmann identified the defendant as the man he had seen leaving the building.
Athmann then returned to the building. The owner of the building, Mr. Anatole, had arrived. The building which had been broken into was Mr. Anatole's office building which was adjacent to his garage. Mr. Anatole was a car mechanic who owned his own repair business, Anatole's Garage. While the padlock on the building door was still locked, the door had been split open. Presumably the perpetrator had kicked it in. The inside of the office had been ransacked. The desk drawers were open. The cabinets had been pulled apart. A trunk had been opened and the contents therein strewn about. Mr. Anatole, however, found nothing missing. Mr. Anatole further stated that he did not know the defendant and had not given him permission to enter his building.

*386 ASSIGNMENT OF ERROR NO. 1
The defense contends that insufficient evidence was presented to show that the defendant had the requisite intent to commit a felony or theft within the building. The defendant points out that no burglary tools were found, nor was anything missing from the building. He also notes that no fingerprints were taken at the crime scene to prove that he was the perpetrator.
When assessing the sufficiency of the evidence to support a conviction, the appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
To support a simple burglary conviction the State must prove an unauthorized entry of a structure with the intent to commit a felony or theft therein. Specific intent may be inferred from the circumstances. State v. Williams, 483 So.2d 1213 (La.App. 4th Cir.1986). A defendant's flight from the scene of a crime indicates consciousness of guilt, and, as such, is one of the circumstances from which guilt may be inferred. State v. Patterson, 459 So.2d 714 (La.App. 4th Cir.1984).
A factual situation similar to the one in this case was presented in Williams, supra. A cab driver observed the defendant climb out of the window of a dentist's office at 4:00 a.m. The cab driver flagged down a policeman, who apprehended the defendant. The office had been ransacked. Drawers had been pulled out of cabinets. Papers had been strewn about. A crowbar was found in front of a cabinet. Plastic windows in the office had been removed. Nothing was missing from the office. The court found these facts were sufficient to prove that the defendant had the specific intent to commit a felony or theft in the building, even though nothing was missing from the office.
This case is similar to Williams. In this case, the defendant was seen in the office building at 3:00 a.m. by the officer. When the defendant saw the officer and the officer ordered him to stop he fled. The office had been ransacked. The door had been kicked in. However, nothing was missing from the office. Under Williams, these facts were sufficient to prove that the defendant had the specific intent to commit a theft in the building. Thus, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
The defense contends that the trial court erred in failing to grant a mistrial when it was discovered that the jury verdict form contained the defendant's alias as well as his true name, Lester Bell.
A review of the record reveals that the bill of information charged "Lester Bell aka Hillary Green" with this crime. It is unclear if the bill of information containing the alias was read to the jury at the beginning of trial as the court is required to do under La.C.Cr.P. art. 765. The trial transcript does not reflect that it did so. In any event, during trial, no evidence was presented regarding Lester Bell's alias of Hillary Green. The defendant was referred to only as Lester Bell.
After the trial, the jury deliberated and returned a verdict of guilty as charged. At that time, it was discovered that the defendant on the jury verdict form was identified as "Lester Bell aka David Moore." Hillary Green, not David Moore, is Lester Bell's correct alias.
The judge instructed the jury that there had been a mistake on the jury verdict form. He then gave them a "correct" jury verdict form identifying the defendant as "Lester Bell aka Hillary Green" and sent them back to the jury room to deliberate again. While they were deliberating for the second time the defense moved for a mistrial. It contended that the use of defendant's alias on the jury verdict form prejudiced the defendant. Defense counsel noted that she had objected to the reading of the bill of information which contained the alias; that no evidence had been presented at trial regarding the defendant's use of an alias; and, that the appearance *387 of the alias on the jury form suggested to the jury that the defendant had a prior record. The trial court denied the motion. The jury returned and again rendered a verdict of guilty as charged.
The defense now contends that it was error for the trial court to deny the motion for mistrial. It first seems to suggest that it was error for the State to include defendant's alias in the bill of information under La.C.Cr.P. art. 466 which provides:
In an indictment it is sufficient for the purpose of identifying the defendant to state his true name, or to state the name, appellation, or nickname by which he is known, or if no better way of identifying him is practicable, to state a fictitious name, or to describe him as a person whose name is unknown, or in any other manner. In stating the true name or the name by which the defendant is known or a fictitious name, it is sufficient to state a surname, a surname and one or more given names, or a surname and one or more abbreviations or initials of a given name or names.
If the true name of a defendant identified in the indictment otherwise than by his true name is disclosed by the evidence or is otherwise discovered, the court shall cause the indictment to be amended to show his true name, and the proceedings shall continue against the defendant in his true name.
In no case is it necessary to aver or prove that the true name of the defendant is unknown to the grand jury, complainant, or prosecuting officer.
This article does not prohibit the State from using both the real name of the defendant and his alias in the bill of information. Thus this argument is without merit.
The defense next contends that the inclusion of the alias on the verdict form implied to the jury that the State knew the defendant by his criminal "reputation;" thus the defendant's privilege against self-incrimination was violated, presumably under the rationale that the defendant did not testify because he did not want his prior record revealed, and the use of the alias in the verdict form told the jury of his prior criminal record. No authority was found to support the contention that the use of an alias on a jury form constitutes a reference to another crime mandating reversal under La.C.Cr.P. art. 770(2). Nor does this action fall into any of the other categories in which mistrial is mandated. Moreover, the inclusion of the alias in the jury form did not, in light of the overwhelming evidence against the defendant, cause him any undue prejudice.
For the foregoing reasons, we affirm defendant's conviction and sentence.
Affirmed.
BARRY, J., concurs.