455 So.2d 673 (1984)
STATE of Louisiana
v.
Louis PROSPER.
No. KA-1279.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 1984.
Rehearing Denied September 27, 1984.
*674 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Joanne C. Marier, Asst. Dist. Atty., New Orleans, for appellee.
L. Kevin Coleman, New Orleans, for defendant-appellant.
Before SCHOTT, AUGUSTINE and WILLIAMS, JJ.
AUGUSTINE, Judge.
The defendant, Louis Prosper, was convicted of attempted simple burglary of an inhabited dwelling, a violation of LSA-R.S. 14:62.2. He was sentenced to serve six years at hard labor, with credit for time served. Prosper appeals from that conviction assigning eight specifications of error.
On January 24, 1983 Prosper met Emily Vinet at the bus stop. She was on her way to work. Ms. Vinet had befriended Prosper in the past, providing him with food and shelter.
Later that evening Ms. Vinet's son Keith returned home to find the defendant and an unidentified man exiting through the rear door of the house he shared with his mother. Prosper was carrying the Vinet's portable television. When he saw Vinet, Prosper ran out of the rear door. The television set was found later on the rear stairs. Prosper was apprehended shortly thereafter at a neighborhood bar and placed under arrest by Officer Montgomery.

ASSIGNMENT OF ERROR NO. 1.
By this assignment the defendant argues that the trial court erred in denying the defendant's motion to suppress two inculpatory statements. The defendant claims that the State failed to carry its burden to prove that the statements were made freely and voluntarily and were not induced by threats, promises or coercion. LSA-R.S. 15:451.
The testimony regarding the circumstances surrounding the inculpatory statements is as follows: The first inculpatory statement was made while the defendant was in the police car with Officer Montgomery enroute to Central Lock-Up. Officer Montgomery stated that during the *675 drive the defendant spontaneously stated that he didn't want to "take the rap alone."
The second inculpatory statement was made at Central Lock-Up. Once at Central Lock-Up Officer Montgomery filled out a Waiver of Rights form and had Prosper sign it. Montgomery noted Prosper's comments on the bottom of the form, i.e., that the primary culprit was a man named "Levi" and Prosper was "only along for the ride."
Prosper testified that after Montgomery clocked into Central Lock-Up Montgomery took him to an interrogation room where he kicked Prosper's legs and punched him in the stomach causing him to fall and hit the wall. Prosper also stated that his handcuffs were so tight his wrists were bleeding. In support of Prosper's accusations records from an answering service were admitted into evidence. The records revealed that, on the night of his arrest, Prosper, in an attempt to contact his attorney, left a message with his attorney's answering service that he had been beaten. Prosper also left a message with his attorney's secretary's husband that he had been beaten at Central Lock-Up.
Officer Montgomery took the stand at the suppression hearing and testified in detail about the noneventful ride to Central Lock-Up and his talk later with Prosper in the interrogation room as Montgomery filled out the Waiver of Rights form. Montgomery also testified that he did not coerce, threaten or offer inducements to Prosper to elicit the inculpatory statements.
At trial, the director of Central Lock-Up, William Hunter, stated that all arrestees are checked by the doorman before they are accepted. Claims of injury are investigated immediately and there is a corpsman or nurse on 24 hour duty at the facility. Serious injuries are treated at Charity Hospital. The arrest register revealed that Prosper responded in the negative when asked if he was injured.
Bobby Rae McGee, the doorman on the night of the arrest, also testified. Although he did not remember seeing the defendant when he was brought in, McGee stated that he would have remembered had Prosper told him that he was injured.
The gist of Prosper's argument is that the State failed to specifically rebut his assertions that he was beaten to force him to make the inculpatory statements. "When a defendant alleges specific instances of police misconduct in reference to an inculpatory statement, it is incumbent upon the state to specifically rebut the allegations." State v. Vessell, 450 So.2d 938, 942-43 (La.1984).
In this instance the State specifically rebutted all allegations of mistreatment. The testimony of Officer Montgomery as to exactly what happened on the night of the arrest in conjunction with the testimony of the doorman, McGee, that he could not recall Prosper's injuries was sufficient to rebut Prosper's allegations of abuse. The trial court obviously disbelieved Prosper's testimony and found credible the testimony of Officer Montgomery. "Such a determination is within the sound discretion of the court and, like all questions of fact is entitled to great weight and will not be disturbed unless clearly contrary to the evidence." Vessell, supra, at 943 (citations ommitted).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 2
By this assignment of error the defendant claims that the trial court erred in limiting defense counsel's opening statement.
At trial, the defense analogized the proceedings to a murder mystery in an attempt to caution the jury to keep an open mind as to the defendant's culpability. The state objected and the court directed counsel not to argue to the jury.
The trial court's rulings with regard to the scope of opening statement should not be disturbed absent a manifest abuse of discretion. State v. Denney, 352 So.2d 204 (La.1977).
This assignment of error lacks merit.

*676 ASSIGNMENT OF ERROR NO. 3
By this assignment of error the defendant contends that the court erred in granting a three day recess following cross examination of the state's chief witness.
Counsel for the defendant failed to object to the ruling complained of by this assignment at any time during the trial. The defense is therefore precluded from asserting this specification of error under the contemporaneous objection rule. LSA-C. CR.P. Art. 841. State v. Russell, 416 So.2d 1283 (La.1982). Thus, the Court need not determine the merits of this assignment.

ASSIGNMENT OF ERROR NO. 4
By this assignment of error the defendant claims that the trial court committed error in allowing the State to cross-examine the defendant regarding his prior arrest for armed robbery.
During direct examination at trial, Prosper admitted that he had previously been convicted of simple robbery and had served a prison sentence for that crime. On cross examination, the state elicited testimony that Prosper had been originally charged with armed robbery.
This issue was resolved in favor of the state in State v. Neslo, 433 So.2d 73 (La. 1983), where the facts were almost identical to those in this case. In Neslo, as here, the defendant was asked about his prior conviction for simple robbery based on the original charge of armed robbery. The Neslo court stated that there was overwhelming evidence that the defendant committed the crime for which he was convicted; and the cross-examination about the true nature of the prior offense did not show that defendant was denied a fair trial. State v. Neslo, supra, at page 85.
Similarly, in the case at bar it does not appear that Louis Prosper was convicted because of an inference that he carried a gun during a robbery some ten years prior to trial. Rather, it is apparent that the defendant was convicted because of the substantial evidence presented against him.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 5
By this assignment the defendant claims it was error for the trial court to allow the State to introduce testimony of a rebuttal witness after both parties had rested their cases.
This argument is erroneous. It is entirely within the discretion of the trial court to allow rebuttal testimony after the defendant's presentation of evidence. LSA-C.CR.P. Art 765(5).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 6
By this assignment of error the defendant contends that it was improper for the prosecutor to invite jurors to put themselves in the victim's place during closing argument. During closing arguments the State said, "Remember, who are you going to believe? Are you going to believe a convicted robber, or are you going to believe two citizens? Put yourself in the victim's place." (emphasis added). The defendant contends that the last remark requires this court to reverse his conviction.
It was improper for the prosecutor to make the jurors think of themselves as victims. However, the argument was not sufficiently prejudicial to warrant a reversal in this instance. State v. Messer, 408 So.2d 1354 (La.1982).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 7
By this assignment of error the defendant argues that there was insufficient evidence to support the verdict.
The elements of the offense of simple burglary of an inhabited dwelling, under LSA-14:62.2 are as follows: (1) The unauthorized entry, (2) of an inhabited dwelling, (3) with the intent to commit theft or other felony.
Under the attempt statute it is immaterial whether the defendant would have actually *677 accomplished his purpose. He need only have the specific intent to commit the crime. LSA-R.S. 14:27.
We have reviewed the record for sufficiency of evidence to support the appellant's conviction. We find that viewing the evidence in the light most favorable to the prosecution, any rational finder of fact could have found that every element of attempted simple burglary had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 309, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306, 310 (La.1982).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NO. 8
By this assignment of error the defendant contends that the defendant's sentence is unconstitutionally excessive. The penalty provision of LSA-R.S. 14:62.2, in pertinent part is as follows: Whoever commits the crime of simple burglary of an inhabited dwelling shall be imprisoned at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence nor for more than twelve years.
This provision must be read in tandem with the penalty provision of the attempt statute, LSA-R.S. 14:27D(3), which states that the imprisonment shall not exceed one half of the longest term of imprisonment prescribed for the offense so attempted.
In order to determine whether this sentence is excessive we must determine whether the trial court complied with the sentencing guidelines set forth in LSA-C. Cr.P. Art. 894.1. State v. Sepulvado, 367 So.2d 752 (La.1979).
The transcript of the sentencing hearing reveals that the trial judge considered the fact that this was the defendant's second offense, that he acted without provocation, and without grounds excusing or justifying the commission of the offense. Nor did the court find that the record would support the conclusion that the defendant would be able to compensate the victim for any damage or injury sustained in connection with the case. Based on the defendant's prior record, the court was unable to say that the defendant was one who had no proclivity toward crime. There were no circumstances of which the court was aware that indicated that the imprisonment of the defendant would entail excessive hardship to himself or his dependents. The court, apparently weighing the seriousness of the offense, stated that:
"The simple burglary of an inhabited dwelling is one of the most potentially violent crimes that can be perpetrated against anyone, and more particularly, it's a said commentary that this man has perpetrated the crime once again on a lady who was attempting to help him, and apparently was a very kind and gentle, compassionate person, who assisted many people, who has tried to bring them closer to God; there was testimony that she even assisted him learning to pray and it brought him to the Catholic Church."
Thus, the court concluded that the maximum sentence should be imposed as any lesser sentence would deprecate the seriousness of the offense.
Given the trial court's demonstrated compliance with the sentencing guidelines set forth by LSA-C.Cr.P. Art. 894.1 we have determined that the sentence was not excessive.
For the foregoing reasons the sentence and conviction imposed by the trial court are hereby affirmed.
AFFIRMED.