SCHOTT, Judge.
Defendant was charged with possession of phencyclidine with intent to distribute in violation of LSA-R.S. 40:966 (count 1); possession of marijuana with intent to distribute in violation of R.S. 40:966 (count 3); and possession of a firearm by a convicted felon in violation of R.S. 14:95.1 (count 2). After his motion to quash count 2 was denied he pled guilty to all counts and reserved his right to appeal from the denial of his motion to quash.
In his only assignment of error defendant contends that he was improperly charged with being in possession of a firearm as a convicted felon because the offense of which he was previously convicted, i.e. possession of marijuana, second offense, could not qualify him as a convicted felon for the purpose of a charge under R.S. 14:95.1. He contends that possession of marijuana cannot be a felony even it if is the second offense; the charge of possession of a firearm by a convicted felon violates the double jeopardy clause of the Fifth Amendment to the United States Constitution; and marijuana possession, second offense, is not one of the enumerated predicate offenses for a charge under R.S. 14:95.1.
With respect to the first argument, the legislature has defined a felony as any crime for which an offender may be sentenced to imprisonment at hard labor. R.S. 14:2(4). The maximum sentence for a second conviction of possession of marijuana includes imprisonment at hard labor for five years. R.S. 40:966(D)(2). Thus, a person convicted for the second time of marijuana possession has been convicted of a felony even though conviction of such possession the first time was only a misdemeanor. This argument has no merit.
On defendant’s double jeopardy argument the test to determine whether there are two offenses or only one is whether each requires proof of an additional fact which the other does not. State v. Dubaz, 468 So.2d 554 (La.1985). For the earlier offense the state had to prove defendant possessed marijuana and had been previously convicted of possessing marijuana. For the present offense the state had to prove defendant possessed a firearm and had been previously convicted for the second time of possessing marijuana. Since each crime requires proof of an additional fact which the other does not the second charge is not prohibited by the double jeopardy clause. This argument lacks merit.
Defendant’s third argument, that possession of marijuana, second offense, is not an *711 enumerated offense under R.S. 14:95.1 so as to qualify defendant as a convicted felon, ignores the plain wording of the statute which specifically includes any violation of the Uniform Controlled Dangerous Substances Law which is a felony. This law includes R.S. 40:966(D)(2) for which defendant was previously convicted.
In our review of the record for errors patent we have found one which concerns the sentence imposed on defendant. For count 1 he was sentenced to a fine of $1,000 or one year in default and three years at hard labor; for count 3, three years at hard labor; and for count 2, a fine of $1,000 or one year in default and three years at hard labor with each sentence to run consecutively. In addition the court ordered defendant to pay $74 court costs or thirty days in default. C. Cr. P. Art. 884 provides, “If a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year ...” By imposing the additional thirty days in default of the payment of $74 in costs without connecting this provision with any specific sentence the court violated the one year default limitation of Art. 884 so that the sentence was illegal to this extent.
Art. 882 provides that an illegal sentence may he corrected by an appellate court on review. We have resolved to utilize this provision and amend the sentence by deleting the thirty day default provision. We recognize that this action may result in the $74 not being collected and that a remand of the case for resentencing could possibly insure collection of the costs, but considering the amount involved a remand for re-sentencing would be impractical.
Accordingly the conviction and sentence are affirmed except that the sentence is amended to delete the imposition of thirty days in default of the payment of $74 costs.
AFFIRMED AND AMENDED.