WILLIAMS, Judge.
Defendant, Julius Carter, pled guilty to possession of marijuana in 1977. In 1978 he pled guilty to possession of marijuana— second offense. On December 12, 1985, defendant was charged by bill of information as being a felon in possession of a firearm in violation of La. R.S. 14:95.1. The predicate offense is the conviction as a second offender for possession of marijuana.
Prior to trial the trial judge granted the defendant’s motion to quash the bill of information. The state appeals the decision of the trial judge.
A felony is any crime for which an offender may be sentenced to death or imprisonment at hard labor. La.Rev.Stat. ann. 14:2(4). A second offense — possession of marijuana is punishable by a fine of not more than two-thousand dollars, imprisonment with or without hard labor for not more than five years, or both. La.Rev. Stat. ann. 40:966 (D)(2). It is clear from a reading of the statute that second offense — possession of marijuana is a felony as defined by the criminal code, thus placing the defendant under the La.Rev.Stat. ann 14:95.1 when the other elements of that crime are met. See State v. Jasper, 491 So.2d 709 (La.App. 4th Cir.1986).
Defendant argues that as a matter of policy second offense — possession of marijuana should not be considered as a predicate offense for prosecution under La. R.S. 14:95.1 because it is not as serious an offense as the others enumerated in the statute. Defendant’s crime is already defined by statute. If current policy dictates that the law should be changed, that is a matter for the legislature not the judiciary.
REVERSED AND REMANDED.