535 So.2d 943 (1988)
STATE of Louisiana, Appellee,
v.
Tony LEWIS, Appellant.
No. 19918-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1988.
Writ Denied March 3, 1989.
*945 Jones and Smith by Benjamin Jones, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, T.J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee.
Before HALL, C.J., and JASPER E. JONES and FRED W. JONES, Jr., JJ.
HALL, Chief Judge.
Defendant, Tony Lewis, was tried and convicted of possession of a firearm by a convicted felon in violation of LSA-R.S. 14:95.1. He was sentenced to six years at hard labor without benefit of parole, probation or suspension of sentence and was fined $1,000 plus costs, in default thereof to serve an additional six months in jail. Defendant appeals his conviction and sentence, asserting 10 assignments of error. Finding these assignments meritless, we affirm.
FACTS
On November 6, 1984, pursuant to plea negotiations with the state, Tony Lewis pled guilty to conspiracy to distribute marijuana in violation of LSA-R.S. 14:26 and *946 40:966 and was sentenced to pay a fine of $750 and costs or serve 90 days in jail and to serve one year in prison at hard labor. The prison term was suspended upon payment of the fine and he was placed on two years probation.
On September 3, 1985, the residence of Steven Lee who resided at 2011 W. Alabama Street in Ruston, Louisiana, was burgarlized by an unknown person. Among the items stolen were the following: two Cerwin Vega speakers; one Technics model SA-626 stereo receiver, the last four digits of the serial number, A107; one Technics cassette tape player, model RMS218, the last four digits of the serial number, 3279; one 13-inch Magnavox color television; one Intellivision computer game; and one Garcia Ambassador model 6500C fishing reel mounted on a Lew's speed stick fishing rod, model G66k.
On September 10, 1986, Jack Reeves, operator of Zack's bar, purchased two Cerwin Vega speakers from defendant for $450.00 at defendant's residence at 1109 McAllister Street in Ruston, Louisiana, where he also saw other stereo equipment. On or about December 5, 1986, Steven Lee learned that Jack Reeves had two Cerwin Vega speakers at Zack's bar which were the same brand and model as the speakers stolen from him. Lee reported the information to the Ruston City Police Department. He subsequently identified the speakers as his property.
On December 8, 1986, based upon Steven Lee's identification of the speakers, Inspector Kavanaugh of the Ruston City Police Department obtained a search warrant from a city court judge authorizing the search of defendant's residence for the other items taken from Lee's residence on September 3, 1985.
On December 10, 1986, the officers executed the search warrant at Tony Lewis' residence. While executing the warrant officers found in plain view a partially smoked handrolled cigarette, suspected to be marijuana, in an ashtray on a dresser in the master bedroom. Officers subsequently contacted an investigator of the Lincoln Parish District Attorney's office who obtained a second search warrant to search the premises for financial records, U.S. currency, and other quantities of controlled dangerous substances. During the search officers found guns and related ammunition in defendant's house which included an Intratec 9-mm. pistol found on a closet shelf in the master bedroom under a blue blanket; a Llama .45-caliber automatic pistol found in a dresser-type cabinet in the den; a Winchester 12-gauge shotgun found in a closet of another bedroom; and over $7,000 in cash found in a coat pocket in a closet.
ASSIGNMENT OF ERROR NO. 1
Defendant contends that the search warrant was issued without probable cause and that any evidence obtained pursuant to it must be excluded. Defendant also argues that the "good faith exception" to the exclusionary rule under U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) should not be applied.
A search or seizure may only be made pursuant to a warrant issued upon probable cause supported by an affidavit of a credible person. U.S. Const.Amend. IV; La. Const.Art. 1, § 5; LSA-C.Cr.P. Art. 162. The function of the judicial officer in determining the existence of probable cause is to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); State v. Kyles, 513 So.2d 265 (La.1987).
In this case, after considering the totality of the circumstances, we find that the affidavit was deficient and does not support a substantial basis or sufficient information to establish probable cause.
The affidavit establishes the following facts: the place to be searched; the items to be searched for which were the subject of a burglary fifteen months earlier, described in detail; that the owner of *947 some of the items stolen had positively identified them in the presence of a local police officer after being informed of their presence at a local bar; and the statement of the bar operator indicating that he purchased the stolen speakers from the defendant at his residence where there was additional stereo equipment located. The affidavit is attached to this opinion as Appendix A.
The affiant does not state in this affidavit that the operator of the bar saw the other stolen items in defendant's home. The fact that defendant had the stolen speakers and other undescribed stereo equipment in his home at the time he sold them 12 months after the burglary and three months prior to execution of the affidavit indicates only the "possibility" of finding other stolen items in defendant's home. The facts provided, without other information linking defendant to the burglary or to other stolen items, does not lead to a practical, common sense conclusion that there was a "fair probability" that the other stolen items would be found in defendant's home. The warrant should not have been issued and was invalid.
While we find that the warrant was invalid, the exclusionary rule should not be applied in this case. The exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in an objectively reasonable good-faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid. Suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases where exclusion will further the purposes of the exclusionary rule, that is, the deterrence of illegal police conduct. U.S. v. Leon, supra; State v. Wood, 457 So.2d 206 (La.App. 2d Cir.1984).
Exclusion is not always inappropriate in cases where an officer has obtained a warrant and abided by its terms. Although a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search, nevertheless, the officer's reliance on the magistrate's probable cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant has been properly issued. State v. Wood, supra.
There are four exceptions to the "good faith" exception, or instances in which suppression remains an appropriate remedy: (1) if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; (3) where the warrant is "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid. State v. Wood, supra.
Defendant argues that the affiant clearly misled the judge who issued the warrant by including the statement that "Mr. Reeves stated that there was additional stereo equipment in the residence at the time he purchased these speakers." He argues that Inspector Kavanaugh was aware that the only additional stereo equipment which Mr. Reeves saw was a small home stereo system.
While Mr. Reeves at the suppression hearing testified that he told the officer that he saw a big screen television and "little bitty" small stereo system at defendant's residence, Inspector Kavanaugh's statement was entirely accurate. Defendant did not establish Inspector Kavanaugh's awareness of the actual size of the stereo stolen from Steven Lee's residence or that the officer could not have reasonably believed the stereo seen by Mr. Reeves was the subject of the burglary.
*948 The statement was not misleading to the judge and does not establish bad faith.
Defendant contends that the judge abandoned his neutral and detached judicial role but does not provide any evidence other than to suggest that since the judge signed the warrant he must not have been neutral and detached. In the absence of any evidence to the contrary the judge must be presumed to have read the affidavit and made the probable cause determination, albeit erroneous, based upon the four corners of the document presented to him.
Defendant further argues that the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. His main argument is based upon the staleness of the information in support of the warrant.
Included in the general concept of probable cause is the necessary element of a reasonable belief that the contraband or evidence will not have been disposed of but will remain at the place to be searched at the time of the proposed search. State v. Lewis, 385 So.2d 226 (La.1980); State v. Thompson, 354 So.2d 513 (La.1978). Defendant argues that it is unreasonable to believe that the items stolen from Steven Lee in September 1985 would be at defendant's residence fifteen months later in December 1986. We disagree. The items stolen were of a kind defendant might be inclined to keep indefinitely for personal use. Two of the stolen items were at defendant's residence one year after the burglary, and it was not unreasonable to believe that the other stolen items would be at defendant's residence three month's later. See, State v. Welsh, 371 So.2d 1314 (La.1979); State v. Brawley, 347 So.2d 238 (La.1977).
In a close call, we have determined that the information contained in the officer's affidavit did not amount to probable cause, but the closeness of the call compels a conclusion that the officer's belief in the existence of probable cause was not entirely unreasonable. The police officers acted on the information soon after it was provided to them in a diligent manner, and the affiant was objectively reasonable in relying on the judge's probable cause determination. Exclusion of evidence discovered through the initial and subsequent warrant is inappropriate in this case which falls within the Leon rule.
ASSIGNMENT OF ERROR NO. 2
Through this assignment of error defendant argues that he has not been convicted of any crime listed in LSA-R.S. 14:95.1 and the trial court erred in denying his motion to quash. Defendant argues that he was convicted of conspiracy to distribute marijuana which is not a crime covered by LSA-R.S. 14:95.1 because conspiracy is a separate crime. He argues that the statute should be strictly construed and any doubt should be resolved in his favor.
The state argues that conspiracy to distribute marijuana is within the statutory language of "any violation of the uniform control dangerous substances law which is a felony ..." and is therefore a proper predicate offense upon which to base the prosecution for a violation of LSA-R.S. 14:95.1.
LSA-R.S. 14:95.1 provides in pertinent part:
A. It is unlawful for any person who has been convicted of ... any violation of the Uniform Controlled Dangerous Substances Law [LSA-R.S. 40:961 et seq.] which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state ... to possess a firearm or carry a concealed weapon.
The issue is whether conspiracy to commit a violation of the Uniform Controlled Dangerous Substances Law is a proper predicate offense within the intent of LSA-R.S. 14:95.1.
Any person who attempts or conspires to commit any offense denounced and or made unlawful by the provisions of the Controlled Dangerous Substance Law shall, upon conviction, be fined or imprisoned in the same manner as for the offense planned or attempted, but such fine or imprisonment shall not exceed one-half of the punishment prescribed for the offense, the *949 commission of which was the object of the attempt or conspiracy. LSA-R.S. 40:979.
A felony is any crime for which an offender may be sentenced to death or imprisonment at hard labor. LSA-R.S. 14:2(4). Conspiracy to distribute marijuana carries a maximum hard labor prison term of not more than 15 years. LSA-R.S. 40:966, 40:979. The broad language of LSA-R.S. 14:95.1 includes the entire Uniform Controlled Dangerous Substances Act which includes LSA-R.S. 40:979. State v. Carter, 502 So.2d 1136 (La.App. 4th Cir. 1987); State v. Jasper, 491 So.2d 709 (La. App. 4th Cir.1986). Conspiracy to distribute marijuana is a felony, and is a predicate to the offense of possession of a firearm by a convicted felon. This assignment lacks merit.
ASSIGNMENT OF ERROR NO. 4
Through this assignment defendant contends that there was insufficient evidence upon which to convict him since the state's case is purely circumstantial. He contends that since he was out of town during the days prior to the execution of the search warrant and there is no direct evidence of his actual control over any of the guns the jury had no basis for finding that he was in actual or constructive possession of any of the weapons.
In order to convict defendant of possession of a firearm by a convicted felon the state is required to prove beyond a reasonable doubt (1) possession of a firearm; (2) conviction of any enumerated felony; (3) absence of the ten year statutory period of limitation; and (4) general intent to commit the offense. State v. Husband, 437 So.2d 269 (La.1983); State v. Miller, 499 So.2d 281 (La.App. 1st Cir.1986).
The constitutional standard of review for the sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984); State v. Morris, 521 So.2d 1214 (La.App. 2d Cir.1988). Jackson is the objective standard for testing the overall evidence, direct and circumstantial, for reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984); State v. Sutton, 436 So.2d 471 (La.1983); State v. Morris, supra. LSA-R.S. 15:438, which as to circumstantial evidence requires exclusion of every reasonable hypothesis of innocence in order to convict, provides an evidentiary guideline, emphasizes the need for careful observation of the Jackson standard, and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. State v. Morris, supra; State v. Eason, 460 So.2d 1139 (La. App. 2d Cir.1984), writ denied 463 So.2d 1317 (La.1985).
Defendant was not convicted upon purely circumstantial evidence. The state provided direct evidence of conviction of conspiracy to distribute marijuana and absence of the ten-year statutory period of limitation. The state introduced evidence that when the police officers entered the master bedroom they saw boxes of ammunition on top of the dresser. On the top shelf in the closet, wrapped in a blue blanket, the Intratec 9-mm. pistol with clips was discovered. The 9-mm. pistol was described by police as a semi-automatic assault pistol with a clip holding 30 rounds and a shoulder sling. The Llama .45-caliber pistol was found in the den or living area in a dresser-type cabinet. A "Safari Land" shoulder holster suitable for carrying a large automatic pistol was found in the master bedroom on top of a chifforobe. A 12-gauge Winchester shotgun was seized in the closet of what appeared to be an unoccupied bedroom in the southeast corner of the house. Inspector Kavanaugh stated that when the guns were found, defendant attributed the ownership of the 9-mm. pistol to his wife, the shotgun to his brother, and after being shown a receipt for the .45-caliber pistol stated that he had bought it.
During rebuttal, the state introduced evidence of the owner's manual for the 9-mm. pistol being found in a dresser drawer in *950 the master bedroom. Inspector Kavanaugh testified that on the evening prior to the search of defendant's home, they had gone by defendant's house on several occasions but no one appeared to be home.
Several defense witnesses testified that the weapons and other related materials were brought to defendant's wife on the evening before the morning of the search so that she would feel more secure. Mrs. Lewis testified that she had been getting harassing phone calls and since her husband was out of town some friends brought the weapons over for her protection. Lacy Jones testified that the night before the defendant's arrest he brought Mrs. Lewis the Intratec 9-mm. pistol, the owner's manual, and some ammunition. Jones was able to produce a receipt for the purchase of the pistol from a pawn shop with his driver's license number and date of birth on it. John Hassen testified that he brought the shotgun and the .45-caliber pistol to Mrs. Lewis on that same night before the morning of the search. Hassen testified that he brought in the shotgun first and then realized that he had no shells for it so he then brought her the .45-caliber pistol and the ammunition for it. He stated that he purchased the .45-caliber pistol from defendant and produced a receipt dated August 13, 1984. Hassen further testified that he stayed with Mrs. Lewis until about 2:00 a.m. Mrs. Lewis stated that defendant returned home sometime between 2:00 a.m. and 6:45 a.m. from his trip.
LSA-R.S. 14:95.1 makes it unlawful for certain convicted felons to possess a firearm. Constructive possession of a firearm, as opposed to actual possession, satisfies the possession element of LSA-R.S. 14:95.1. State v. Day, 410 So.2d 741 (La.1982). Constructive possession exists when the contraband is subject to the defendant's dominion and control. State v. Pinkney, 485 So.2d 1014 (La.App. 4th Cir.), affirmed as amended 488 So.2d 682 (La. 1986).
The state introduced evidence of not one but three firearms located in defendant's residence. The shotgun was located in what appeared to be an unoccupied bedroom; the 9-mm. assault pistol was found wrapped in a blue blanket on the top shelf in the master bedroom closet; and the .45 caliber pistol was found in the den area in a dresser-type cabinet. These weapons were not readily accessible for Mrs. Lewis' protection as defendant contended. The location and type of weapons found in defendant's residence coupled with the statement by defendant that the 9-mm. pistol belonged to his wife, plus the presence of the shoulder holster in the master bedroom, strongly indicate defendant's awareness, dominion, and control over the firearms. The jury was entitled to and did reject defendant's alibi evidence.
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of LSA-R.S. 14:95.1 beyond a reasonable doubt. This assignment lacks merit.
ASSIGNMENTS OF ERROR 5-10
Through these assignments of error defendant contends that he was denied a fair trial mainly due to rulings by the trial court allowing the introduction of evidence after defendant's objections.
Defendant argues that the trial court erred in allowing the introduction of the following evidence contending that it was either irrelevant, hearsay, or evidence of other crimes which was highly prejudicial: marijuana discovered at the time of the execution of the initial search warrant; the second search warrant and both returns; the money found; an unauthenticated receipt seized during the search bearing the serial number of the .45-caliber Llama pistol; and other items seized during the search.
Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negate the commission of the offense and the intent. LSA-R.S. 15:441. LSA-R.S. 15:447 provides that any part of the res gestae is always admissible into evidence. LSA-R.S. 15:448 states that in order to constitute res gestae, the circumstances and declarations must be necessary incidents of the criminal *951 act, or immediate concomitants, or form in conjunction with it one continuous transaction.
The articles introduced into evidence were relevant and seized at the time of defendant's arrest for the crime of possession of a firearm by a convicted felon. The physical and testimonial evidence pertaining to possession of marijuana and a firearm by a convicted felon are concomitant offenses or form one continuous series of events, and thus are a part of the res gestae which is admissible without balancing its probative value against the prejudicial effect. State v. Brown, 428 So.2d 438 (La.1983); State v. O'Neal, 501 So.2d 920 (La.App. 2d Cir.1987), writ denied 505 So.2d 1139 (La.1987); State v. Bailey, 452 So.2d 756 (La.App. 2d Cir.1984), writ denied 456 So.2d 161 (La.1984).
Defendant also argues that it was improper rebuttal to allow the admission of the Intratec 9-mm. owner's manual in evidence during rebuttal.
Generally, in the trial of criminal prosecutions, the state must put its whole case in evidence in its presentation in chief, and only rebuttal evidence should be reserved to meet the evidence adduced by the defense. State v. Narcisse, 426 So.2d 118 (La.1983), cert. denied 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176, rehearing denied, 464 U.S. 1004, 104 S.Ct. 515, 78 L.Ed.2d 702 (1983). It is within the trial court's discretion to allow rebuttal testimony after defendant's presentation of evidence. State v. Prosper, 455 So.2d 673 (La.App. 4th Cir. 1984).
The trial court did not abuse its discretion since the defense had just presented evidence that the guns were brought to Mrs. Lewis the night prior to defendant's arrest for her personal protection. The state introduced evidence of the location of the owner's manual, inside of a dresser drawer, tending to show that a person unfamiliar with a gun would not keep the owner's manual in a drawer while the gun itself was located in a closet on a shelf wrapped in a blue blanket. The state's rebuttal was confined to answering defendant's evidence.
Defendant next argues that the trial court erred in allowing Inspector Kavanaugh to testify to certain statements made by defendant during the search. Defendant in his motion for discovery requested the substance of any of his oral statements which the state intended to offer into evidence at trial. The state responded by sending defendant a copy of Inspector Kavanaugh's police report, which included information that Tony Lewis would not admit ownership of any of the firearms located in the residence and that Lewis stated the 9-mm. assault weapon belonged to his wife.
During the state's case-in-chief Inspector Kavanaugh testified to the above, and also testified that defendant stated the shotgun belonged to his brother and the .45-caliber Llama pistol belonged to him. After defendant's objection, the trial court instructed the jury to disregard anything other than the statement concerning the 9-mm. weapon and the disclaimer of ownership of any of the weapons. Inspector Kavanaugh was subsequently allowed during rebuttal to testify concerning defendant's statements.
The failure of the state to comply with the discovery procedure will not automatically command reversal. The defendant must show prejudice before the court will reverse his conviction. The court will review the record for a determination of whether any prejudice which may have resulted from the non-compliance caused the trier of fact to reach the wrong conclusion. State v. Sweeney, 443 So.2d 522 (La.1983); State v. Ray, 423 So.2d 1116 (La.1982); State v. Ancar, 508 So.2d 943 (La.App. 4th Cir.1987).
The most critical evidence against defendant was the presence of the guns located in different locations of his residence. Defendant's statement that the 9-mm. weapon belonged to his wife was directly contradicted by his own witness, Lacy Jones, who stated that the weapon belonged to him, and the state provided defendant with the substance of that statement *952 through the police report. Although the other statements increase the amount of evidence against defendant, we cannot say that any prejudice which may have resulted caused the trier of fact to reach the wrong conclusion.
These assignments of error lack merit.
ASSIGNMENT OF ERROR NO. 3
Through this assignment of error defendant contends that the sentence of six years at hard labor without benefit of probation, parole or suspension of sentence and to pay a fine of $1,000 and, in default of payment of the fine and costs, to serve an additional six months in jail is excessive in violation of La. Const. Art. 1, § 20 (1974) and LSA-C. Cr.P. Art. 894.1.
A sentence violates La. Const. Art. 1, § 20 (1974), if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
The articulation of the factual basis for a sentence is the goal of LSA-C.Cr. P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
The trial court in reviewing the facts noted that a large sum of money was found in a coat pocket hanging in defendant's closet which indicated that defendant was still active in the drug business. The trial court noted that defendant had a prior criminal record which included: in 1978, charged with aggravated battery, grand jury passed; several minor motor vehicle violations; in 1983, charged with distribution of marijuana, pled guilty to conspiracy to distribute marijuana; in 1986, arising out of the same search as the instant offense, charged with possession of marijuana with intent to distribute which was reduced to possession of marijuana, and possession of drug paraphenalia which was dismissed.
The court stated that defendant was a second felony offender and was not eligible for probation or a suspended sentence. The court noted that defendant committed the instant offense while he was still on probation. The court recognized that three firearms were found in defendant's possession and that this was not a situation in which one is in possession of a single firearm used for hunting or to provide a feeling of security by having it around the home. The court stated that even though defendant did not have any type of machine gun or rapid firing gun, he had possession of guns that were capable of firing a number of times. The court noted that the possession of these type of guns does not indicate a peaceable and law abiding purpose and is exactly the type of behavior that the legislature intended to prohibit by passing a law against the possession of firearms by a convicted felon. Because of defendant's criminal activity and the fact that he had broken his probation, the court felt that it was likely he would commit another crime if he were given a shorter sentence. The court determined that the general nature of his offense indicated that he was in need of a custodial environment and corrective treatment which could best be afforded by commitment to an institution. The court found that any lesser sentence than the one imposed would deprecate the seriousness of the offense charged.
The legislature deemed possession of a firearm by a convicted felon to be a very serious offense which carries a sentencing range from three years at hard labor to a maximum of ten years at hard labor without benefit of probation, parole, or suspension of sentence, and a fine of not less than *953 $1,000 nor more than $5,000. Defendant's sentence is within the mid-range of imprisonment and the lower range of the fine imposable and does not shock the sense of justice.
This assignment lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.
AFFIRMED.
*954