LINDSAY, Judge.
The defendant, George Roland, Jr., appeals his convictions for second degree murder and for committing second degree murder with a firearm, violations of LSA-R.S. 14:30.1 and 14:95.2. For the following reasons, we affirm.
FACTS
On September 13, 1987, the defendant shot and killed his stepson, Elbert Mar-bary. The shooting occurred outside the Super Fly Cafe in Shreveport.
On the date of the offense, the defendant accompanied an elderly acquaintance to the Super Fly Cafe to pick up a food order. Elbert Marbary arrived later at the cafe. No altercation occurred between the two men inside the cafe. However, the defendant observed that Marbary appeared to be “high” and “was talking loud.”[1]
When the defendant stepped outside the cafe for some fresh air, he was confronted by Marbary. According to the defendant, Marbary claimed to have a weapon that would “eat up” the gun carried by the defendant. Words were exchanged between the two men. At that time, the defendant had his gun in his pocket. According to the defendant, Marbary went to his vehicle and returned with his hand close to his back pocket. The defendant claimed Marbary lunged toward him, that he saw a flash and at that moment, the defendant fired his weapon at Marbary, striking him in the head and killing him. The defendant admitted shooting Marbary, but contended that he feared for his life and the killing was done in self-defense.
The witnesses at the scene presented a different version of the facts. They testified that the victim was holding a can of beer and a bag of chips. Although the two men argued outside the lounge, Marbary declined to fight the defendant because he did not want to “mess up his jewelry.” Marbary did not threaten the defendant. As Marbary began to walk away, the defendant fired twice, striking Marbary once in the head.
The defendant was arrested at the scene. On November 3, 1987, the defendant was charged by grand jury indictment with second degree murder and was charged with having committed that offense with a firearm. The defendant was tried before a jury and found guilty as charged.
The defendant filed motions for new trial and post judgment verdict of acquittal. These motions were denied by the trial court and sentence was imposed upon the defendant on May 3, 1988. The defendant was sentenced to a mandatory life sentence without benefit of parole, probation or suspension of sentence for second degree murder and was sentenced to an additional two years without benefit of parole, probation *1091 or suspension of sentence under the provisions of LSA-R.S. 14:95.2.[2]
The defendant appealed, claiming the trial court erred in denying his motions for new trial and post judgment verdict of acquittal. The defendant claims that there was insufficient evidence to convict him of second degree murder but, rather, the facts clearly showed he committed the killing in self-defense. He also seeks to have this court review the record for errors patent.
MOTION POR NEW TRIAL AND POST JUDGMENT VERDICT OF ACQUITTAL
The defendant filed a motion for new trial and a motion for post judgment verdict of acquittal under the provisions of LSA-C.Cr.P. Arts. 821 and 851.[3] The defendant contends that the jury verdict was contrary to the law and evidence in that there was insufficient evidence upon which to convict him. In this context, the defendant contends that the state failed to show that he had a specific intent to kill the victim. He also contends that the state failed to prove beyond a reasonable doubt that the killing was not done in self-defense.
The constitutional standard of review for the sufficiency of evidence to support a conviction is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Nealy, 450 So.2d 634 (La.1984); State v. Lewis, 535 So.2d 943 (La.App.2d Cir.1988). When self-defense is raised as an issue by the defendant, the state has the burden of proving, beyond a reasonable doubt, that the homicide was not perpetrated in self-defense. State v. Savoy, 418 So.2d 547 (La.1982).
The essential elements of second degree murder, as charged in the present case, are set forth in LSA-R.S. 14:30.1(A)(1):
A. Second degree murder is the killing of a human being
1. When the offender has a specific intent to kill or inflict great bodily harm;
LSA-R.S. 14:95.2 provides in part:
A. ... [A]ny person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder ... shall upon conviction serve a term of two years imprisonment for the first conviction....
The defendant contends that he did not have specific intent to kill the victim, but rather that he feared for his life and killed the victim in self-defense.
Even though intent is a question of fact, it need not be proven as a fact; it may be inferred from the circumstances of the *1092 transaction and the actions of the defendant. State v. Fuller, 414 So.2d 306 (La.1982). Specific intent is an ultimate legal conclusion to be resolved by the fact finders. State v. Collier, 474 So.2d 529 (La.App.3rd Cir.1985).
The defendant contends the homicide was justifiable under LSA-R.S. 14:20:
A homicide is justifiable:
(1) When committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger;
A homicide is justifiable only when committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger. State v. Pravata, 522 So.2d 606 (La.App.1988), writ denied 531 So.2d 261 (La.1988).
The defendant contends that the prosecution failed to show that he had the specific intent to kill the victim. The defendant argues that the witnesses to the shooting were inconsistent in their accounts of what transpired outside the cafe and that due to these inconsistencies, the witnesses were not credible. This argument is meritless.
Whenever there is conflicting testimony as to factual matters, the question of credibility of witnesses is within the sound discretion of the trier of fact; such factual determinations will not be disturbed on review unless clearly contrary to the evidence. State v. Smith, 445 So.2d 521 (La.App.3rd Cir.1984), writ denied 449 So.2d 1346 (La.1984).
The only inconsistencies in the testimony of the prosecution witnesses concerned whether the victim was holding the beer and chips in one hand or in both hands. The witnesses were consistent in their testimony that the victim was holding these items prior to the shooting and that the victim was not the aggressor, but was walking away from the defendant when he was shot. None of the witnesses saw the victim in possession of a knife or other weapon during the confrontation nor did they observe the victim’s hand in close proximity to his pockets, as if to obtain a weapon.
The witnesses also testified that the defendant fired twice at the victim, rather than only once, as asserted by the defendant. This testimony is corroborated by the fact that two spent shells were found in the defendant’s gun after the shooting.
Leonard Hunter testified that the victim was walking toward his vehicle, away from the defendant when the defendant fired. The testimony of this witness was substantiated by the findings of the autopsy report. The Caddo Parish Coroner, Dr. George M. McCormick, II, testified that the bullet entered the victim’s head two inches above and one-half inch behind the left ear. This physical evidence discounts the defendant’s assertion that the victim lunged toward him immediately prior to the shooting.
William Kemp, an eyewitness to the shooting, testified that the victim and defendant were having an argument and that the defendant told the victim that he had a gun and would kill him right there. Mr. Kemp testified that the victim was walking away from the defendant when he was shot.
A.V. Thompson, an employee of the Super Fly Cafe, testified that he heard a loud argument outside the cafe and went out to investigate. He stated that Marbary, the victim, and defendant were arguing. The defendant told Marbary that he would blow his brains out. Mr. Thompson stated that Marbary told the defendant that he did not want to fight. Mr. Thompson stated that he told the pair to leave the premises and that at that point the defendant shot the victim. Mr. Thompson went into the cafe to get someone to call the police. He stated that when he came back outside, some money and a knife were beside the victim.
Although the record shows there was an argument immediately prior to the shooting, the evidence does not show that the defendant had reason to believe he was in imminent danger of death or great bodily harm which could be avoided only by kill *1093 ing the victim. The prosecution showed that, at the time of the killing, the victim had declined to fight with the defendant, not wanting to “mess up” his. jewelry. In addition, three witnesses testified that at the time of the killing, the victim was holding a beer and a sack of chips and was not armed. These items were found near the body after the shooting.
A butterfly knife was found close to the victim’s body. However, the witnesses testified that the victim did not pull the knife prior to the shooting. Leonard Hunter testified that immediately after the shooting, he emptied the victim’s pockets in order to give the contents to the defendant, allegedly for safe keeping. Seventy-eight dollars in currency was found lying on the victim’s body. It is. reasonable to assume that the knife was dislodged from the victim’s pocket at that time.
The defendant argued that due to his poor health, including a back condition, and due to the presence of deep ditches between the cafe and his vehicle, he could not run away, but rather was forced to defend himself. The record shows that the victim was retreating from the defendant at the time of the shooting, discounting the defendant’s argument that he was confronted with a life threatening situation with no means of retreat.
The evidence, viewed in the light most favorable to the prosecution, shows that the prosecution proved beyond a reasonable doubt that the defendant was guilty of the second degree murder of Elbert Mar-bary. The record shows that the victim was retreating and the defendant was not confronted with circumstances justifying a reasonable belief that he was in imminent danger of losing his life or receiving great bodily harm. The evidence shows that the defendant possessed specific intent to kill the victim and that the killing was not justifiable.
ERRORS PATENT
We have reviewed the entire record of this case and find no errors patent on the face of the record.
CONCLUSION
For the above stated reasons, the convictions of the defendant, George Roland, Jr., are affirmed.
AFFIRMED.
ON APPLICATION FOR REHEARING
Before HALL, SEXTON, LINDSAY, NORRIS, and HIGHTOWER, JJ.
Rehearing denied.

. The autopsy report revealed that the victim’s blood alcohol content was .15 percent.

. LSA-R.S. 14:95.2 was repealed by Acts of 1988 § 319 subsequent to the defendant’s sentencing.

. LSA-C.Cr.P. Art. 821 provides:
A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
D. If a post verdict judgment of acquittal is granted or if a verdict is modified, the state may seek review by invoking the supervisory jurisdiction of or by appealing to the appropriate appellate court.
E.If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
LSA-C.Cr.P. Art. 851 provides in pertinent part:
The motion for new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence.